IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 12-mj-3001 |
| v. | * | |
| | * | |
| | * | |
| NICOLE DESIREE KELLEY, | * | |
| | * | |
| | * | |
| Defendant | * | |

***********

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's *pro se* letter motion to expunge her criminal convictions for assault by striking, beating, or wounding within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4), and for possession of marijuana, in violation of 36 C.F.R. § 2.35(b). She seeks expungement of her convictions because she is "looking to become gainfully employed with a great firm" that has been trying to hire her since March 2017. No hearing is necessary. L.R. 105.6.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

"[A] request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the adjudicative facts underlying Defendant's convictions are not interdependent with any equitable circumstances that she may claim justify expungement. *See Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) ("And the collateral employment consequences Doe faces today arise from the very fact of her conviction, not from the District Court's sentencing proceedings or Doe's probationary term. For these reasons, we conclude that Doe's original sentencing and her motion to expunge are not 'mutually dependent.'"), *cert. denied*, No. 16-876, 2017 WL 120912 (U.S. May 22, 2017); *United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Expungement of Defendant's criminal convictions also runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees, as "[e]xpungement is not a remedial tool to enforce a ruling in the underlying criminal case." *Wahi*, 850 F.3d at 302; *see Doe*, 833 F.3d at 198; *Harris*, 847 F. Supp. 2d at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case," *Wahi*, 850 F.3d at 302-03, Defendant's *pro se* letter motion to expunge her criminal convictions is **DISMISSED** for lack of jurisdiction.

Date: June 19, 2017                                             /s/
                                                            Thomas M. DiGirolamo
                                                            United States Magistrate Judge